**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE:<br><br>CONSUMER VEHICLE DRIVING DATA TRACKING LITIGATION | MDL Docket No. 3115 |

**PLAINTIFFS DANIEL CARNINE, CHAD WEAVER, JEFFREY JORDAN, THOMAS MACKEY, AND TORY SKYERS' RESPONSE IN OPPOSITION TO MOVANT JARIYA THONGSAWANG'S MOTION FOR TRANSFER AND CENTRALIZATION TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407**

Plaintiffs Daniel Carnine, Chad Weaver, Jeffrey Jordan, Thomas Mackey, and Tory Skyers (collectively, the "*Carnine* Plaintiffs"),[1] respectfully submit their response in opposition to Movant Jariya Thongsawang's ("Movant") motion for centralization and transfer to the Central District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. ECF No. 1.

## INTRODUCTION

While the *Carnine* Plaintiffs support centralization and transfer of the Related Actions for coordinated or consolidated pretrial proceedings, the most appropriate transferee forum is not the Central District of California, but rather the Eastern District of Michigan.

There are twelve (12) Related Actions filed by plaintiffs in six (6) federal district courts, each alleging similar wrongful conduct against automaker General Motors, LLC ("GM") and OnStar, LLC ("OnStar) and data brokers LexisNexis Risk Solutions, Inc. ("LexisNexis") and Verisk Analytics, Inc. ("Verisk") (the "Data Broker Defendants"). In addition, there is one (1) Related Action alleging wrongful conduct against automakers Kia America, Inc. and Kia Corporation (collectively, "Kia"), as well as LexisNexis (together with GM and OnStar, "the Automaker Defendants").[2]

The Related Actions all involve common questions of law and fact as they arise from the Automaker and Data Broker Defendants' surreptitious collection and sale of customer driver telemetry data (the "driver data"). The Related Actions all seek relief on behalf of persons whose driver data was collected and sold without their consent.

---

[1] *See Carnine, et al. v. General Motors LLC, et al.*, Case No. 2:24-cv-11004 (E.D. Mich.).
[2] *See Vaughn v. Kia America, Inc., et al.*, Case No. 2:24-cv-01473 (E.D. Pa.).

Given the number of actions filed (13) and jurisdictions (7) involved, informal Section 1404 coordination is not a viable alternative. Thus, centralization and transfer for coordinated or consolidated pretrial proceedings to the Eastern District of Michigan—the headquarters of both GM and OnStar (the primary Automaker Defendants)—would be the most convenient forum for the parties and witnesses and would promote efficient adjudication.

## BACKGROUND

### A. The Automaker and Data Broker Defendants' Collection and Sale of Driver Data

On March 11, 2024, the *New York Times* published an investigative report that detailed how a number of automakers (including GM and Kia) were improperly collecting customer data related to the driving habits of vehicle owners, without their consent, and then sharing it with data brokers such as LexisNexis and Verisk.[3] The driver data collected included acceleration events, hard brake events, high speed events, distance traveled, time of day traveled, vehicle information such as VINs, and sometimes location data and GPS data. This driver data was subsequently packaged by the Data Brokers Defendants and sold to auto insurance companies. As a result, due to a multitude of factors, including the lack of context and inaccurate data, customers were harmed and saw their auto insurance rates increase.

### B. The Litigation

In the wake of the *New York Times* exposing these egregious privacy violations, thirteen separate class action lawsuits were ultimately filed across seven separate federal district courts. Twelve out of the thirteen Actions named GM and OnStar as the *sole* Automaker Defendants, along with some combination of the Data Broker Defendants, and only one Action named Kia.

---

[3] *See* NEW YORK TIMES, *Automakers Are Sharing Consumers' Driving Behavior With Insurance Companies* (Mar. 11, 2024; updated Mar. 13, 2024), https://www.nytimes.com/2024/03/11/technology/carmakers-driver-tracking-insurance.html.

2

Four Actions were filed in the Eastern District of Michigan, the location of GM and OnStar's headquarters;[4] three Actions were filed in the Central District of California;[5] two Actions were filed in the Northern District of Georgia;[6] one Action was filed in the Eastern District of Pennsylvania;[7] one Action was filed in the Middle District of Pennsylvania;[8] one Action was filed in the Southern District of Florida;[9] and one Action was filed in the Southern District of New York.[10]

While the claims differ slightly in each complaint, the Related Actions all collectively allege nearly identical facts, and seek certification of overlapping classes. The Related Actions

---

[4] *See*, *e.g.*, *Reed, et al. v. General Motors, LLC, et al.*, Case No. 2:24-cv-10804 (E.D. Mich.); *Block, et al. v. General Motors, LLC, et al.*, Case No. 2:24-cv-10824 (E.D. Mich.); *Carnine, et al. v. General Motors, LLC, et al.*, Case No. 4:24-cv-11004 (E.D. Mich.); and *Cogle v. General Motors, LLC, et al.*, Case No. 2:24-cv-11062 (E.D. Mich.). The *Ulrich* Action (2:24-cv-11007 E.D. Mich.) was tagged by Movant on a Notice of Related Actions filed on April 24, 2024. *See* ECF No. 41. After a closer examination of the complaint, the *Ulrich* Action is actually a transmission defect class action against GM and has nothing to do with data privacy and should not be included in this proposed MDL.

[5] *See*, *e.g.*, *Thongsawang v. General Motors, LLC, et al.*, Case No. 8:24-cv-00695 (C.D. Cal.); *King, et al. v. General Motors, LLC, et al.*, Case No. 2:24-cv-02560 (C.D. Cal.); *Valencia v. General Motors, LLC, et al.*, Case No. 2:24-cv-02978 (C.D. Cal.).

[6] *See, e.g.*, *Mason v. General Motors, LLC, et al.*, Case No. 1:24-cv-01558 (N.D. Ga.); *Figlio v. General Motors, LLC, et al.*, Case No. 1:24-cv-01669 (N.D. Ga.).

[7] *See Vaughn v. Kia America, Inc., et al.*, Case No. 2:24-cv-01473 (E.D. Pa.).

[8] *See Dinardo v. General Motors, LLC, et al.*, Case No. 3:24-cv-00524 (M.D. Pa.).

[9] *See Chicco v. General Motors, LLC, et al.*, Case No. 9:24-cv-80281 (S.D. Fla.).

[10] *See Landman v. General Motors, LLC, et al.*, Case No.1:24-cv-02238 (S.D.N.Y.). Plaintiff Landman filed a JPML response (ECF No. 15) in support of transfer to the Southern District of New York. Not only is Plaintiff Landman's case an outlier (as it is the only case filed in S.D.N.Y.), New York has no causal nexus to the litigation. Plaintiff Landman asserts that LexisNexis has its headquarters in the Southern District of New York. That is incorrect. Its headquarters is located in Georgia. *See* https://risk.lexisnexis.com/about-us ("LexisNexis® Risk Solutions provides customers with innovative technologies, information-based analytics, decisioning tools and data management services that help them solve problems, make better decisions, stay compliant, reduce risk and improve operations. Headquartered in metro-Atlanta, Georgia…") (last visited April 26, 2024).

are all in their earliest stages; no motions to dismiss have been filed and discovery has not commenced.

Accordingly, the *Carnine* Plaintiffs support Section 1407 centralization and transfer to the Eastern District of Michigan.

## ARGUMENT

### A. Section 1407 Centralization and Transfer is Appropriate

Pursuant to 28 U.S.C. § 1407(a), centralization and transfer are permitted if civil actions pending in different districts "involv[e] one or more common questions of fact" and the JPML determines that transfer will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). "Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 49 F. Supp. 3d 1350 (J.P.M.L. 2014).

In determining whether to consolidate cases from multiple districts to a single district, the JPML "applies a threshold set of criteria," including: (1) whether the "underlying issues present common questions of fact which are complex, numerous, and incapable of resolution through other available procedures such as informal coordination"; (2) whether the prudential and procedural factors support the necessity of centralization; and (3) whether there exists a convenient and available transferee forum. *See Manual for Complex Litigation*, § 22.33, pp. 366-367 (4th ed. 2004) ("*Manual*").

Centralization and transfer are appropriate as each of the Related Actions are putative class actions seeking to certify overlapping classes of persons whose driver data was collected and sold without their consent. Each of the Related Actions arise out of the same factual core and

4

involve similar questions of law. These common questions of fact and law establish a clear need to establish the kind of uniformity, consistency, and efficiency that coordination and consolidation brings. The JPML has previously granted centralization and transfer motions in multidefendant cases. *See*, *e.g.*, *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1353 (J.P.M.L. 2019) (ordering transfer and centralization, recognizing that "a single, multi-defendant MDL" is "necessary to ensure the just and efficient conduct of this litigation"). The JPML should do the same here.

The procedural posture of the Related Actions also support centralization. The Related Actions have only recently been filed (starting in mid-March 2024), no dispositive motions have been filed, and discovery has not begun. Furthermore, centralization will also further the convenience of the parties and witnesses and promote the just and efficient adjudication of the Related Actions because it will eliminate repetitive discovery and any possibility of conflicting rulings in four different jurisdictions. Finally, a convenient and available transferee forum exists in the Eastern District of Michigan.

Since it is readily apparent the Related Actions meet the requirements for 28 U.S.C. § 1407(a) centralization and transfer and given the number of districts where cases have been filed (seven), informal Section 1404 coordination would not be practical. Thus, the only real issue for the Panel to decide is *where* to send these cases.

**B.** **The Eastern District of Michigan is the Most Appropriate Transferee Forum**

California has no apparent nexus to this proposed MDL other than it is the location of the U.S. headquarters of Kia (Irvine, CA)—a defendant that has only been named *in a single action*. Movant's complaint names GM and OnStar as its sole Automaker Defendants, not Kia. In fact, the only Action that names Kia as a defendant was filed in the Eastern District of Pennsylvania,

not the Central District of California. While Movant anticipates that other automaker defendants might be tagged into this MDL, thus far those complaints have not materialized. And it has been well over a month since the *New York Times* published its report on March 11, 2024, which prompted this litigation. Mov. Br., ECF No. 1-1 at pp. 1-5.

Movant's play here is to move for an outlier transferee forum where only three of the thirteen cases are filed, all while couching its argument in favor of the Central District of California behind marginally better district caseload statistics (i.e., 4.1 vs. 7.8 months in median time from filing to disposition for C.D. Cal. vs. E.D. Mich.). These minor differences aside, there is nothing tying this litigation to California other than Kia—a defendant named in only one of the thirteen cases. Here, the Eastern District of Michigan is truly the most appropriate transferee forum, as it is not only the District where the plurality of cases have been filed, it is also the locations of the headquarters of both GM and OnStar—the primary Automaker Defendants named in twelve of the thirteen Actions. Most of the relevant data, evidence, and witnesses are located in Michigan, not California.

The relevant factors the JPML considers for selecting a transferee forum, as articulated below, support the Eastern District of Michigan as the most appropriate forum. *See Manual*, § 22.33 at p. 367 (the JPML looks for "an available and convenient transfer forum, usually one that (1) is not overtaxed with other MDL cases, (2) has a related action pending on its docket, (3) has a judge with some degree of expertise in handling the issues presented, and (4) is convenient to the parties.") (footnotes omitted).

***The Eastern District of Michigan is Not Overtaxed with Other MDLs***. According to the JPML's most recent statistics, as of April 1, 2024, there were five (5) pending MDLs in the

6

Eastern District of Michigan and five (5) pending in the Central District of California.[11] Thus, this factor is neutral. Transferring the Related Actions to the Eastern District of Michigan would not overtax the Court or its resources.

Furthermore, Judge Andre Birotte to whom Movant's case is assigned, currently has an MDL already assigned to him. *See In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, MDL No. 2814 (C.D. Cal.). Meanwhile none of the two Eastern District of Michigan Judges to whom the four cases are assigned (Judges Jonathan J.C. Grey and Shalina D. Kumar) have an MDL assigned to them.

***The Plurality of the Related Actions are Pending in the Eastern District of Michigan***. The Eastern District of Michigan is where the *plurality* of the Related Actions (four out of thirteen) are pending. *See In re Fortra File Transfer Software Data Sec. Breach Litig.*, MDL No. 3090, 2024 U.S. Dist. LEXIS 20080, at *5 (J.P.M.L. Feb. 5, 2024) (transferring cases to the Southern District of Florida because "[m]ore cases are pending in this district than in any other district"); *In re Sierra Wireless, Inc., Sec. Litig.*, 387 F. Supp. 2d 1363, 1364 (J.P.M.L. 2005) (transferring cases to the forum in part because that was where a majority of pending actions were located). Thus, this factor also favors transfer to the Eastern District of Michigan.

***The Eastern District of Michigan Has Significant MDL Experience***. Three out of the four Michigan cases are currently assigned to Judge Jonathan J.C. Grey[12]—who has the experience and capacity to take on the work of an MDL. Furthermore, Judge Grey is not already assigned to an existing MDL in the District.

---

[11] *See* https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-1-2024.pdf (last visited April 25, 2024).
[12] *See, e.g.*, *Reed* Action, Case No. 2:24-cv-10804; Block Action, Case No. 2:24-cv-10824; *Cogle* Action, Case No. 2:24-cv-11062.

7

The Eastern District of Michigan also has extensive experience in handling MDLs, including several high-profile MDLs involving automakers, which given the category of defendants and the types of claims at issue, makes it a superior transferee forum.[13] Thus, this factor also weighs in the Eastern District of Michigan's favor.

***The Eastern District of Michigan is Convenient for the Parties***. Judge Jonathan J.C. Grey, an experienced jurist, who is presiding over the first-filed Action there (the *Reed* Action), is assigned to the Eastern District of Michigan's Detroit courthouse. Detroit is centrally located in a large metropolitan area and will provide a convenient transferee forum for the parties and witnesses. Detroit Metropolitan Airport (DTW) "is one of the world's leading air transportation hubs with more than 1,100 flights per day."[14] The Eastern District of Michigan's Detroit courthouse is readily accessible when the parties (or witnesses) and their counsel must attend a proceeding in person. Detroit also has numerous business hotel accommodations that are within walking distance to the federal courthouse making it a convenient forum.[15] *See*, *e.g.*, *In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, 619 F. Supp. 3d 1349, 1351 (J.P.M.L. 2022) ("We conclude that the Eastern District of Michigan is the appropriate transferee district. … It also is centrally located and easily accessible, making it a convenient forum for this nationwide litigation."); *In re Gen. Motors Corp. Air Conditioning Mktg. & Sales Pracs. Litig.*, 289 F. Supp. 3d 1340, 1341 (J.P.M.L. 2018) ("We are persuaded that the Eastern District of Michigan is an appropriate transferee district. The district … is where relevant documents and witnesses may be

---

[13] *See*, *e.g.*, *In Re: Automotive Parts Antitrust Litigation*, MDL No. 2311; *In Re: FCA US LLC Monostable Electronic Gearshift Litigation*, MDL No. 2744; *In Re: General Motors Air Conditioning Marketing and Sales Practices Litigation*, MDL No. 2818; *In Re: Chrysler Pacifica Fire Recall Products Liability Litigation*, MDL No. 3040.
[14] *See* https://www.metroairport.com/about-dtw (last accessed April 25, 2024).
[15] *See*, *e.g.*, https://www.hilton.com/en/hotels/dttlfdt-doubletree-suites-detroit-downtown-fort-shelby/ (1 min. walk); https://hotelpontchartrain.com/ (2 min. walk).

found, inasmuch as defendant GM is based there. Further, this district offers a readily accessible and convenient transferee forum."). Thus, the convenience factor also weighs in the Eastern District of Michigan's favor.

When viewed as a whole, transfer to the Eastern District of Michigan, over any other forum, makes the most logical sense. GM and OnStar are the principal Automaker Defendants that have been named, and both are headquartered in Detroit.[16] The Eastern District of Michigan is the forum where the plurality of cases have been filed and where most of the relevant witnesses and documents will come from. *See In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d at 1354 (concluding the District of New Jersey was the appropriate transfer district in part because at least two of the defendants were headquartered there). Therefore, the Eastern District of Michigan is the most appropriate transferee forum.

## **CONCLUSION**

The *Carnine* Plaintiffs respectfully requests the JPML transfer the Related Actions, as well as any other subsequent actions that may be filed, to the Eastern District of Michigan before the Honorable Jonathan J.C. Grey for coordinated or consolidated proceedings.

---

[16] *See, e.g., In re Publ'n Paper Antitrust Litig.*, 346 F. Supp. 2d 1370, 1372 (J.P.M.L. 2004) (transferring to district that was a "geographically convenient location, given the location of principal defendants and potential defendants and witnesses in the eastern part of the United States"); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 293 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (transferring to district within a "metropolitan area" where the "headquarters" of a "principal" defendant was located since "significant discovery of witnesses and documents is likely to occur there"); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 277 F. Supp. 2d 1373, 1374 (J.P.M.L. 2003) (transferring to district that was "a geographically convenient location, given the location of principal defendants and potential defendants/witnesses in the eastern part of the United States" and "the district is equipped with the resources that this complex […] docket is likely to require.").

Dated: April 26, 2024                                  Respectfully Submitted,

                                                                                       */s/ Amber L. Schubert*

Robert C. Schubert
Amber L. Schubert
**SCHUBERT JONCKHEER
& KOLBE LLP**
2001 Union St, Ste 200
San Francisco, CA 94123
Tel: (415) 788-4220
Fax: (415) 788-0161
Email: rschubert@sjk.law
Email: aschubert@sjk.law

Christian Levis
Amanda G. Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Email: clevis@lowey.com
Email: afiorilla@lowey.com

Anthony M. Christina
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
Email: achristina@lowey.com

Rod M. Johnston
**JOHNSTON LAW, PLLC**
6911 Duchess Court
Troy, MI 48098
Tel: (586) 321-8466
Email: rod@johnstonlawflsa.com

*Attorneys for Plaintiffs Daniel Carnine, Chad Weaver, Jeffrey Jordan, Thomas Mackey, and Tory Skyers*