UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE CONSUMER VEHICLE DRIVING DATA TRACKING LITIGATION | MDL No. 3115 |

**INTERESTED PARTY RESPONSE OF PLAINTIFF JACQUELYN VAUGHN TO MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

*Oral Argument Requested*

Pursuant to Rule 6.2(e) of the Rules of Procedure for the Judicial Panel of Multidistrict Litigation ("Panel"), Plaintiff Jacquelyn Vaughn (Case No. No. 2:24-cv-01473 (E.D. Pa.)) respectfully files this Response to the Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings. *See* ECF 1.

Plaintiff Vaughn agrees that the matters should be transferred under § 1407, and supports the motion to transfer. For brevity, Plaintiff Vaughn adopts the background and legal argument set forth in the motion to transfer. There is no question all pending cases implicate common facts and legal issues. There is little doubt that coordination or consolidation will service the convenience of the parties and witnesses, and conserve judicial resources.

Plaintiff Vaughn further submits that: (i) any MDL should include vehicles made by other manufacturers besides GM; and (ii) that the MDL should be assigned to the Hon. Julia K. Munley of the Middle District of Pennsylvania, or alternatively Judge John F. Murphy of the Eastern District of Pennsylvania.

*First*, while the initial cases involving the alleged illicit driver tracking practices named General Motors and its affiliates, it is clear that the challenged practices extend beyond this

1

singular vehicle manufacturer. As widely reported, a number of other vehicle manufacturers purportedly engage in the illicit same practices.[1]

Plaintiff Vaughn appears to be the first to have filed a related case against a different manufacturer, Kia, for engaging in the same illicit data tracking practices. *See* ECF 41 (notice of related action *Vaughn v. Kia America, Inc.,* No. 2:24-cv-01473 (E.D. Pa.)). It also is possible, if not likely, that allegations in these related cases might expand to include the insurance companies surreptitiously buying drivers' data and raising drivers' premiums or quotes. *Cf., e.g.*, *Servedio v. State Farm Ins. Co.*, 814 F. Supp. 2d 214, 218 (S.D.N.Y. 2011) (finding deceptive car insurance practices to be actionable under state consumer protection statute).

This Panel routinely centralizes multi-defendant cases involving the same or substantially similar challenged practices. *See, e.g.*, *In re Hair Relaxer Mktg., Sales Pracs., & Prods. Liab. Litig.*, 655 F. Supp. 3d 1374, 1377-78 (J.P.M.L. Feb. 6, 2023); *In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, 433 F. Supp.3d 1349, 1352-53 (J.P.M.L. Dec. 18, 2019); *In re Androgel Prods. Liab. Litig.*, 24 F. Supp. 3d 1378 (J.P.M.L. 2014). The Panel should do the same here, and not limit centralization to driver tracking cases against GM only. At a minimum, given the pendency of Plaintiff Vaughn's own case against Kia, any MDL should include vehicle manufacturers besides GM such as Kia.

***Second***, there really is no true geographic center of gravity for these cases. While GM might be "at home" in Michigan, LexisNexis Risk Solutions Inc. is headquartered in Georgia. Other car manufacturers identified in media reports as engaging in the same practices are located in New Jersey (Subaru) and California (Kia and Hyundai).

---

[1] *See, e.g.*, *Automakers Are Sharing Consumers' Driving Behavior With Insurance Companies*, NEW YORK TIMES (Mar. 13, 2024).

Given such, Plaintiff Vaughn submits the Middle District of Pennsylvania is an appropriate forum for centralization. The Middle District of Pennsylvania has a low number of non-*Habeas* civil filings, a low ratio of civil filings per judgeship, and an impressive median time of 10.8 months from filing to disposition.[2]

One of the first-filed related cases here is already pending in the Middle District of Pennsylvania before the Hon. Julia K. Munley, in Scranton, Pennsylvania. *See DiNardo v. General Motors* LLC, No. 3:24-cv-00524 (M.D. Pa.).  Judge Munley is an able jurist with a modest docket and substantial prior state court judicial experience. The Middle District of Pennsylvania, and Scranton in particular, satisfies all of the convenience factors this Panel typically considers, such as proximity to major airports in New York, New Jersey, Philadelphia, and Scranton itself.

Alternatively, and for similar reasons, the Eastern District of Pennsylvania would be an appropriate forum as well.  Plaintiff Vaughn's related case, believed to be the first against Kia, is currently pending in Eastern District of Pennsylvania before the Hon. John F. Murphy. *See Vaughn v. Kia America, Inc.*, No. 2:24-cv-01473 (E.D. Pa.).  The Eastern District of Pennsylvania, and Judge Murphy in particular, are both well-suited to oversee this MDL.

Dated: April 26, 2024                    Respectfully Submitted,

                                         /s/ Ruben Honik
                                         **HONIK LLC**
                                         Ruben Honik, Esq.
                                         David J. Stanoch, Esq., Of Counsel
                                         1515 Market Street, Suite 1100
                                         Philadelphia, PA 19102
                                         Tel: 267-435-1300
                                         ruben@honiklaw.com
                                         david@honiklaw.com

                                         *Counsel for Plaintiff Vaughn, No. 2:24-cv-01473 (E.D. Pa.)*

---

[2] *See* FEDERAL COURT MANAGEMENT STATISTICS – PROFILES (Dec. 2023).

3