BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: CONSUMER VEHICLE DRIVING DATA TRACKING LITIGATION | MDL No. 3115 |

**RESPONSE IN PARTIAL SUPPORT OF MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED ACTIONS, AND REQUEST TO TRANSFER CASES TO THE EASTERN DISTRICT OF MICHIGAN**

Plaintiff in *Cogle v. General Motors LLC, et al.* (Case No. 2:24-cv-11062, E.D. Mich., filed April 22, 2024) respectfully submits this response in partial support of Plaintiffs' Motion for Transfer and Centralization of Related Actions to the Central District of California ("Transfer Motion") (ECF No. 1). Plaintiff concurs with Movant that the Panel should transfer thirteen cases against GM and OnStar under 28 U.S.C. § 1407, but disagrees with respect to centralization of *Vaughn v. Kia* and *Ulrich v. General Motors*, as those two cases involve unique defendants and technologies. As to venue, defendants General Motors and OnStar are headquartered in the Eastern District of Michigan, which provides the center of gravity for the facts in dispute and is where the most related actions have been filed.

I.  **BACKGROUND**

This litigation involves the alleged unlawful collection, transmission, and use of driving behavior data and location data from GM vehicles. Plaintiffs allege that Defendants General Motors LLC ("GM"), OnStar, LLC ("OnStar"), and LexisNexis Risk Solutions, Inc. ("LexisNexis") surreptitiously collected and sold this information to third parties without Plaintiffs' knowledge or consent. Among these third parties were auto insurance companies that used the data to increase the prices consumers paid for insurance.

From March 13 to April 26, 2024, plaintiffs in seven federal jurisdictions filed a total of thirteen class action cases[1] against GM, OnStar, and LexisNexis.[2] While there is some variation as to the causes of action, each case arises from the same set of operative facts. As set forth in the table below, as of April 26, the largest number of related actions and potential tag-along cases have been filed in the Eastern District of Michigan, where Defendants GM and OnStar are headquartered.

| District | Number of Actions |
|---|---|
| E.D. Mich. | 4 |
| C.D. Cal. | 3 |
| N.D. Ga. | 2 |
| S.D. Fla. | 1 |
| D. Minn. | 1 |
| S.D.N.Y. | 1 |
| M.D. Penn. | 1 |

---

[1] *Chicco v. General Motors, LLC et al.* (No. 9:24-CV-80281, S.D. Fla., filed 3/13/2024); *Landman v. General Motors, LLC et al.* (No. 1:24-CV-02238, S.D.N.Y., filed 3/25/2024); *Dinardo v. General Motors, LLC et al.* (No. 3:24-CV-00524, M.D. Penn., filed 3/27/2024); *Reed et al. v. General Motors, LLC et al.* (No. 2:24-CV-10804, E.D. Mich., filed 3/28/2024); *King et al. v. General Motors, LLC et al.* (No. 2:24-CV-02560, C.D. Cal., filed 3/28/2024); *Thongsawang v. General Motors, LLC et al.* (No. 8:24-CV-00695, C.D. Cal, filed 3/29/2024); *Block et al. v. General Motors, LLC et al.* (No. 2:24-CV-10824, E.D. Mich., filed 3/31/2024); *Valencia v. General Motors, LLC et al.* (No. 2:24-CV-02978, C.D. Cal., filed 4/12/2024); *Mason v. General Motors, LLC et al.* (No. 1:24-CV-01558, N.D. Ga., filed 4/12/2024); *Carnine et al. v. General Motors, LLC et al.* (No. 4:24-CV-11004, E.D. Mich., filed 4/16/2024); *Figlio et al. v. General Motors, LLC et al.* (No. 1:24-cv-01669, N.D. Ga., filed 4/19/2024); *Cogle v. General Motors, LLC et al.* (No. 2:24-cv-11062, E.D. Mich., filed 4/22/2024); *Behm v. General Motors, LLC et al.* (No. 0:24-cv-01517, D. Minn., filed 4/26/2024)

[2] *Reed et al. v. General Motors, LLC et al.* only sues Defendants GM and OnStar.

1

On April 24, 2024, Movant filed a Notice of Related Actions that lists two cases—*Vaughn v. Kia America, Inc. et al.*, Case No. 2:24-cv-01473 (E.D. Pa.), and *Ulrich et al. v. General Motors LLC*, Case No. 2:24-cv-11007 (E.D. Mich.)—which concern distinct facts. *See* Dkt. No. 41. *Vaughn* sues Kia and LexisNexis for collecting and transmitting driver behavior data from Kia-manufactured vehicles. *See* Dkt. No. 41-2. *Ulrich* brings products liability claims against GM related to defective transmissions in certain GM-manufactured vehicles. *See* Dkt. No. 41-3

## II.   ARGUMENT

### A.   The Related Actions and any tag-along actions against GM and OnStar should be centralized pursuant to 28 U.S.C. § 1407.

Given the number of actions and districts at issue, centralization is appropriate because the related actions arise from common course of conduct. The Panel has routinely centralized actions alleging violations of consumer protection and data privacy statutes. *See, e.g.*, *In re: Carrier IQ, Inc., Consumer Priv. Litig.*, 856 F. Supp. 2d 1332, 1333 (J.P.M.L. 2012) (all actions "allege that defendants tracked and recorded private user information" using the same software); *In re: Vizio, Inc., Consumer Priv. Litig.*, 176 F. Supp. 3d 1374, 1376 (J.P.M.L. 2016) (all actions alleged violations of customers' privacy rights). Here, the related actions listed above in Footnote 1 involve several common questions of fact, including (i) whether GM and OnStar collected and tracked Plaintiffs' and Class Members' driving behavior and location data; (ii) whether GM and OnStar transmitted that information to LexisNexis; and (iii) whether GM, OnStar, and LexisNexis transmitted this information to third parties, including auto insurance companies. Given this significant overlap, centralization will serve "the convenience of the parties and witnesses" and promote "the just and efficient conduct" of the litigation. 28 U.S.C. § 1407(a).

Each of the thirteen actions against GM and OnStar concerns the same alleged data collection and transmission. All of these cases will turn on the same factual issues and similar legal

questions and will require overlapping discovery. *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372, 1374 (J.P.M.L. 2019) (stating that "the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core") (quotations omitted). Centralization is therefore warranted and prudent.

Plaintiff Cogle disagrees with Movant that *Vaughn v. Kia America, Inc., et al.* and *Ulrich, et al. v. General Motors LLC* should be centralized with the cases in Footnote 1 against GM and OnStar. *Vaughn* brings no claims against either GM or OnStar, and instead asserts claims against Kia based on a separate tracking technology that appears unrelated to GM or OnStar. While the causes of action in *Vaughn* parallel the claims in the GM and OnStar cases, *Vaughn* arises out of a wholly distinct set of facts involving different technology and a different defendant. For this reason, subsuming that case within the MDL would needlessly complicate the centralized litigation. Similarly, the *Ulrich* plaintiffs assert unique products liability claims against GM related to defective transmissions, claims that appear entirely unrelated to the facts and issues raised in the common cases against GM and OnStar. Accordingly, neither *Vaughn* or *Ulrich* should be centralized with the group of GM and OnStar cases.

**B.     The Eastern District of Michigan is the most appropriate forum for this litigation.**

Defendants GM and OnStar are headquartered in Detroit, and key witnesses, common evidence, and relevant documents exist there. *See Marriott*, 363 F. Supp. 3d at 1375 ("Marriott is headquartered in that district, and relevant documents and witnesses thus likely will be found there."); *In re Blackbaud, Inc., Customer Data Security Breach Litig.*, 509 F. Supp. 3d 1362, 1364 (J.P.M.L. 2020) (same). Further, although the actions arising out of Defendants' conduct cover multiple districts across the country, more actions are pending in the Eastern District of Michigan than in any other district. *See In re: Packaged Ice Antitrust Litig.,* 560 F. Supp. 2d 1359, 1361

3

(J.P.M.L. 2008) (finding transfer appropriate to the district where "[m]ore pending actions and potential tag-along actions have been filed . . . than in any other district."). In addition, the Eastern District of Michigan is centrally located and easily accessible to all parties. *E.g.*, *In re Rio Hair Naturalizer Prod. Liab. Litig.*, 904 F. Supp. 1407, 1408 (J.P.M.L. 1995) (noting that "the Eastern District of Michigan provides a geographically central location for this nationwide litigation").

Finally, the district judges of the Eastern District of Michigan are well-equipped to handle MDL litigation and have the capacity to effectively oversee this matter. The Eastern District of Michigan currently has five MDLs on its docket[3] across a total of 24 district judges and has a median time from filing to disposition of 7.8 months in civil cases, which ranks second in the Sixth Circuit and near the top-third of all Districts nationwide.[4] Thus, the Eastern District of Michigan is capable of effectively managing this litigation.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff supports centralization of the related actions set forth in Footnote 1 and proposes their transfer to the Eastern District of Michigan.

Dated: April 26, 2024

Respectfully submitted,

By: /s/ *Adam E. Polk*
Adam E. Polk
Jordan Elias
Anthony Rogari
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

---

[3] MDL Statistics Report – Distribution of Pending MDL Dockets by District, April 1, 2024, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-1-2024.pdf (last visited April 23, 2024).

[4] United States District Courts — National Judicial Caseload Profile, https://www.uscourts.gov/sites/default/files/fcms_na_distprofile1231.2023_0.pdf (last visited April 23, 2024).

Facsimile: (415) 981-4846
apolk@girardsharp.com
jelias@girardsharp.com
arogari@girardsharp.com

E. Powell Miller (P39487)
Emily E. Hughes (P68724)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com
dal@millerlawpc.com

*Counsel for Plaintiff Colin Cogle*