BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: CONSUMER VEHICLE DRIVING DATA TRACKING LITIGATION | MDL No. 3115 |

### VERISK ANALYTICS, INC.'S INTERESTED PARTY RESPONSE TO MOTION OF PLAINTIFF JARIYA THONGSAWANG FOR TRANSFER AND CENTRALIZATION UNDER 28 U.S.C. § 1407

Interested Party Verisk Analytics, Inc. ("Verisk") submits this response to the Motion of Plaintiff Jariya Thongsawang for Transfer and Centralization pursuant to 28 U.S.C. § 1407 ("Motion"), Dkt. 1.[1] Verisk agrees with Plaintiff Thongsawang that transfer is appropriate under 28 U.S.C. § 1407. However, Verisk disagrees with Plaintiff Thongsawang that the Central District of California is the appropriate transferee court. These cases have nothing to do with that district and Defendants who are seeking consolidation[2] are located in Michigan, New Jersey, and Georgia.[3]

---

[1] On April 24, 2024, two days before the Panel's original response deadline, counsel for Plaintiff Barbara Figlio identified as a Related Action *Figlio et al. v. General Motors LLC et al.*, No. 1:24-cv-01669 (N.D. Ga.), where Verisk is listed as a defendant. *See* Dkt. 36. Verisk had not yet been served at the time *Figlio* was identified. On May 1, 2024, four days after the Panel's original response deadline, counsel for Plaintiff Brian LaFalce identified as a Related Action *LaFalce v. General Motors LLC et al.*, No. 1:24-cv-01807 (N.D. Ga.), where Verisk is listed as a defendant. *See* Dkt. 65. Also on May 1, 2024, Plaintiff Thongsawang identified *Lima v. General Motors LLC et al.*, No, 2:24-cv-11119 (E.D. Mich.) and *Davids et al. v. General Motors LLC et al.*, No. 1:24-cv-03203 (S.D.N.Y.) as Related Actions, where Verisk is listed as a defendant. Dkt. 68. Verisk still has not been served in the *LaFalce* case and was not served in these other cases until April 25, 2024 or later. Verisk moved swiftly to obtain counsel and prepare its position for this Panel within less than two weeks. Verisk had not yet entered an appearance in any individual action, and has only entered an appearance before the Panel.

[2] Defendants Kia Corporation and Kia America Inc. oppose consolidation. Dkt. 91.

[3] Verisk expressly reserves its right to move to compel arbitration and any and all arbitration defenses, whether in individual actions or in any centralized proceeding ordered by the JPML.

1

Instead, Verisk requests that the cases be transferred to the Southern District of New York, as requested by Plaintiffs Leah Landman, Michael King, and Gus Lopez. Dkt. 15. Verisk's corporate headquarters is located in nearby Jersey City, New Jersey, making the Southern District of New York a convenient location for witnesses and evidence. Additionally, the Southern District of New York has extensive experience with MDLs and data privacy cases in particular, such as this one, and two able jurists—Judges Ronnie Abrams and Jesse Furman—are already overseeing cases related to this proceeding.

To the extent the panel is disinclined to select the Southern District of New York, Verisk joins Defendants General Motors LLC ("GM") and OnStar, LLC ("OnStar") and multiple Plaintiffs in requesting the cases be consolidated and transferred to the Eastern District of Michigan.

## ARGUMENT

**I.     Transfer Is Appropriate to Enhance Efficiency and Just Resolution of the Actions Filed Nationwide.**

The Panel has authority under 28 U.S.C. § 1407 to transfer "civil actions involving one or more common questions of fact [that] are pending in different districts" to a single district for consolidated pretrial proceedings. Consolidation for pretrial proceedings is warranted when, like here, transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). To date, there have been 20 tagged actions ("Related Actions") arising out of the alleged collection and sharing of telematics data. *See* Associated Cases Report, *In re: Consumer Vehicle Driving Data Tracking Litig.*, MDL No. 3115, *last updated* May 7, 2024 at 1 p.m. Eastern (hereinafter "Associated Cases Report"). The Related

---

Verisk also reserves all personal jurisdiction defenses. Likewise, by agreeing to consolidation, Verisk does not concede that "common questions of fact" exist, or are capable of common resolution, within the meaning of Federal Rule of Civil Procedure 23.

Actions have been filed against six different Defendants

Actions have been filed against six different Defendants, namely car manufacturers and their subsidiaries, including GM, Kia Corporation, Kia America, Inc. (collectively, "Kia"), and OnStar, and data analytics firms that provide reports to insurance companies, including LexisNexis Risk Solutions, Inc. ("LNRS") and Verisk.  Significantly, Verisk has only been named in 4 out of the 20 Related Actions, while LNRS and GM have each been named in 19 out of the 20 Related Actions and OnStar in 18 out of the 20 Related Actions.  *Id.*  Without centralization, the cases would proceed separately against various groupings of Defendants in at least 9 districts from New York to Michigan to Georgia to California.  *Id.*  To avoid the potentially inconsistent pretrial determinations a single defendant may face in different courts on similar facts, the Related Actions should be centralized.  *See In re: Foot Locker, Inc.,* 787 F. Supp. 2d 1364, 1365 (J.P.M.L. 2011) ("Centralization in these circumstances will have the benefit of eliminating duplicative discovery; preventing inconsistent pretrial rulings, including with respect to class certification; and conserving the resources of the parties, their counsel, and the judiciary.").

## II. The United States District Court for the Southern District of New York Is the Appropriate Transferee District.

This Panel frequently considers the following factors in determining the most convenient and efficient forum for transfer: where the defendants are headquartered; where the plaintiffs are located; where actions and potential tag-along actions are pending; where non-party witnesses and evidence likely exist; whether the jurisdiction has resources necessary to manage MDLs; whether the proposed judge has experience sufficient to guide a complex MDL; and whether multiple parties agree on transfer to a given district.  *See, e.g.*, *In re: Target Corp. Cust. Data Sec. Breach Litig.,* 11 F. Supp. 3d 1338 (J.P.M.L. 2014); *In re: Home Depot, Inc. Cust. Data Sec. Breach Litig.,* 65 F. Supp. 3d 1398, 1400 (J.P.M.L. 2014).  These factors counsel in favor of transfer to the Southern District of New York.

*First*, this Panel frequently considers whether a transferee district is centrally located and easily accessible when deciding where to consolidate litigation. *See, e.g., In re: Target,* 11 F. Supp. 3d at 1339 (noting that the district in question was "easily accessible and relatively centrally located"). The Southern District of New York is convenient for many parties. Verisk's corporate headquarters is located in Jersey City, New Jersey, which is less than a 30-minute car ride away from the courthouse. Several Plaintiffs are also located in the Southern District of New York, including Plaintiffs Leah Landman and Joseph Davids. Additionally, LNRS's parent company, which may become a third-party witness, is headquartered in London, United Kingdom. For those outside of New York, this Panel has routinely held that the Southern District of New York is a convenient and central location. *See, e.g.*, *In re Concrete & Cement Additives Antitrust Litig.*, No. MDL 3097, 2024 WL 1596873, at *1 (J.P.M.L. Apr. 12, 2024); *In re: Kind LLC (All Nat.) Litig.*, 118 F. Supp. 3d 1380, 1381 (J.P.M.L. 2015). This is thanks in no small part to New York's status as the financial capital of the United States and its multiple world-class airports, which are served by all major U.S. airlines and its multiple nearby train stations which connect to stations across the eastern seaboard.

*Second*, multiple Related Actions are already pending in the Southern District of New York. This Panel routinely considers where actions are pending in selecting a transferee forum. *See, e.g.*, *In re: Target*, 11 F. Supp. 3d at 1339; *In re: Home Depot Inc.*, 65 F. Supp. 3d at 1400. As of the date of this filing, there are 20 Related Actions; 2 were filed in the Southern District of New York. *See* Associated Cases Report. While this is not as many as some of the other districts, it is still one of the highest, which favors transfer to the Southern District of New York.

*Third*, consolidation in the Southern District of New York is warranted because the Related Actions can be effectively and efficiently handled there. While the Southern District of New York

4

has more MDLs pending than some other districts that have been suggested in this case, the Southern District of New York also has far more judges to hear such cases. The Eastern District of Michigan has five MDLs pending; the Northern District of Georgia has four MDLs pending; and the Southern District of New York has twelve MDLs pending. *MDL Statistics Report - Distribution of Pending MDL Dockets by District*, J.P.M.L. (May 1, 2024), https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-May-1-2024.pdf. However, the Eastern District of Michigan only has 15 non-senior status district judges and the Northern District of Georgia only has 11 non-senior status district judges, while the Southern District of New York has 28. *Id.* Thus, more judges are available to handle an MDL in the Southern District of New York. Additionally, judges in the Southern District of New York routinely hear high profile data privacy cases that involve similar issues to this case including other MDLs. Indeed, Judges Jesse Furman and Ronnie Abrams are already hearing Related Actions, and Judge Furman has previously handled an MDL related to GM and thus has familiarity with one of the lead defendants in the Related Actions. *See, e.g.*, *In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001); *In re Gen. Motors LLC Ignition Switch Litig.*, 407 F. Supp. 3d 212 (S.D.N.Y. 2019) (Furman, J.); *Dodd v. Advance Mag. Publishers Inc.*, No. 21-CV-8899 (RA), 2022 WL 17764815 (S.D.N.Y. Dec. 19, 2022) (Abrams, J.) (putative class action regarding selling of subscriber names and information to data brokers).

       To the extent the Panel is disinclined to transfer the case to the Southern District of New York, Verisk does not object to transferring the case to the Eastern District of Michigan, as requested by Defendants GM, OnStar, LNRS, and multiple Plaintiffs.

### III. The United States District Court for the Central District of California Is Not an Appropriate Transferee District.

While 28 U.S.C. § 1407 authorizes transfer to "any" district court, Verisk respectfully submits that California has insufficient connection to claims against Verisk to warrant transfer.

*First*, no Related Action has been filed against Verisk in California, and none of the Plaintiffs in Related Actions that name Verisk involve California law or claims. There is no connection between Verisk and California that would make it an appropriate forum. Moreover, Verisk's headquarters are in New Jersey on the complete opposite coast from California, making the gathering of evidence and witness testimony needlessly burdensome to Verisk.

*Second*, Verisk is not organized under the laws of California, does not maintain its headquarters in California, and its telematics business is not run out of California.

Indeed, the only apparent connection to Verisk to the Central District of California is that Plaintiff Thongsawang (who has not brought claims against Verisk) is a citizen of California. That fact alone is insufficient to support California as the preferred venue. *See Romoff v. Johnson & Johnson Consumer Inc.*, No. 22cv75-LL-WVG, 2022 WL 3905301, at *3 (S.D. Cal. Aug. 26, 2022) (finding that "Plaintiff's choice of forum is entitled to very little weight" when considering transfers of a putative class action). In sum, there is no reason to transfer to California when two more appropriate venues are available: the Southern District of New York and the Eastern District of Michigan.

### CONCLUSION

For the foregoing reasons, Verisk respectfully requests that the Panel transfer the Related Actions for consolidated pretrial proceedings to the Southern District of New York or, in the alternative, the Eastern District of Michigan.

| | |
|---|---|
| Dated: May 7, 2024 | /s/ *Jasmeet K. Ahuja*<br>Jasmeet K. Ahuja<br>HOGAN LOVELLS US LLP<br>390 Madison Avenue<br>New York, NY 10017<br>Telephone: (212) 918-3000<br>Facsimile: (212) 918-3100<br>jasmeet.ahuja@hoganlovells.com |