BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| IN RE CONSUMER VEHICLE DRIVING DATA TRACKING LITIGATION | MDL No. 3115 |
|---|---|

RESPONSE OF PLAINTIFFS KAREN AND MELVIN DREWS IN
OPPOSITION TO MOTION FOR TRANSFER OF RELATED
ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA
PURSUANT TO 28 U.S.C. § 1407

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiffs Karen and Melvin Drews (the "Drews") in the case styled *Drews et al. v. General Motors LLC, et al.*, United States District Court for the Eastern District of Michigan, Case No. 2:24-cv-11194-SDK-EAS, submit this Interested Party Response in opposition to Movant Jariya Thongsawang's motion for centralization and transfer of Related Actions.[1]  *See* ECF No. 2 ("Motion").  The Related Actions arise out of General Motors ("GM") and OnStar's alleged practice of collecting driving behavior data from drivers of GM vehicles without their authorization and selling that data to Defendants LexisNexis Risk Solutions (LNRS) and Verisk, who then sold that information to insurers, which in many instances caused drivers' insurance rates to increase.  The Drews agree that Centralization and transfer is appropriate, a view shared by all but one respondent in this MDL[2] but disagree that the Central

---

[1] "Related Actions" refers to those actions identified in Amended Schedule of Actions with the Motion (ECF No. 2-1) and all subsequent tag-along actions.
[2] Kia Motors, which is a defendant in a single case (*Vaughn v. Kia America, Inc.*, No. 24-cv-1473 (E.D. Pa.)) out of 20 that are before the Panel "requests that the Panel deny Jariya Thongsawang's Motion for Transfer and Centralization insofar as it applies to *Vaughn v. Kia America, Inc.*, No. 24-cv-1473 (E.D. Pa.)." Kia states no position as to whether the other cases before the Panel should be consolidated and transferred." *See* Dkt. No. 91.

1

District of California is an appropriate transfer district. The Drews believe that transfer to the Eastern District of Michigan for coordinated or consolidated pretrial proceedings would lead to the greatest efficiency of ease of proceeding for all plaintiffs and defendants.

**I.        The Related Actions Should Be Centralized Pursuant to 28 U.S.C. § 1407(a)**

Section 1407 permits transfer and centralization of cases that are pending in different districts if the cases "involve one or more common questions of fact" and the Panel determines that transfer and centralization will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The aim of section 1407 is to "eliminate duplication in discovery, avoid conflicting rules and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim v. Bank of America Corp.*, 574 U.S. 405, 410 (2015) (quoting Manual for Complex Litigation § 20.131 (4th ed. 2004)). Transfer of the Related Actions for consolidated or coordinated pretrial proceedings will advance section 1407's underlying objectives.

**II.       The Eastern District of Michigan Is the Most Appropriate Forum**

When determining the most appropriate transferee forum, the Panel considers, among other factors, the location of a primary defendant's headquarters, the relative number of cases pending in each jurisdiction, whether the district is in a geographically central and accessible metropolitan location, and the experience and capacity of the judges in the district proposed. *See, e.g.*, *In re MOVEit Customer Data Sec. Breach Litig.*, 2023 WL 6456749, at *3 (transferring to district where primary defendant was headquartered); *In re Erie COVID-19 Bus. Interruption Prot. Ins. Litig.*, No. MDL 2969, 2020 WL 7384529, at *3 (J.P.M.L. Dec. 15, 2020) (transferring to forum that was "the clear center of gravity for this litigation," in large part because of the "sizeable number of actions" pending there); *In re Local TV Advert. Antitrust Litig.*, 338 F. Supp.

3d 1341, 1343 (J.P.M.L. 2018) (noting that transferee district "provides a geographically central and convenient location for the parties and witnesses").

Here, the Eastern District of Michigan is the most appropriate and convenient venue for transfer and centralization of the Related Actions and any tag-along actions for several reasons. First, GM and OnStar are headquartered within the Eastern District of Michigan. Importantly, of the four defendants in nearly all the cases before the Panel, GM and Onstar are the two defendants who will have sold products and services directly to Plaintiffs and thus, relevant witnesses, databases, documents, and other evidence are likely predominately located in the Eastern District of Michigan, as GM and OnStar acknowledge. *See* GM and OnStar's Response to the Motion For Transfer and Centralization, Dkt. No. 57 ("GM Response") at 10-12. Second, the Eastern District of Michigan is the center of gravity of this litigation, with more Related Actions pending there than in any other district. Third, the Eastern District of Michigan is easily accessible and a convenient forum for nationwide MDLs, as the Panel has repeatedly determined, including in cases where GM and other automakers are defendants. *See, e.g., In re Gen. Motors Onstar Cont.*, 502 F. Supp. 2d 1357, 1358 (J.P.M.L. 2007); *In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, 619 F. Supp. 3d 1349, 1351 (J.P.M.L. 2022). Finally, as fully explained in the GM Response, docket considerations strongly favor the Eastern District of Michigan over the other proposed venues. *See* Dkt. No. 57. at 14-16. Each of these factors weighs in favor of the Eastern District of Michigan.

**III.**     **The Other Venues Proposed Would Not Be Appropriate For This Litigation**

None of the other proposed transfer locations is preferable to the Eastern District of Michigan. The Central District of California is not preferable to the Eastern District of Michigan for the reasons fully set forth in the GM Response (Dkt. No. 57 at 16-17) and Ms. Thongsawang's Reply (Dkt. No. 75) does not alter that conclusion. There, "Movant anticipates

3

that additional suits will be filed, including suits against Hyundai and Honda," which are headquartered in California. *See* Dkt. No. 75 at 1-2. Thus, Movant argues "there is no center of gravity for this litigation, and when all defendants are sued, most of the defendants will be from the Central District of California." But this is putting the cart before the horse. Honda and Hyundai are *not defendants* in any case in this MDL, and Kia, which is a defendant in a single case, has made a strong showing that it is not properly subject to consolidation with any of the cases in this MDL, which all name only GM and OnStar as automotive defendants. *See* Dkt. No. 91.

The Interested Party Response of Plaintiff Landman (Dkt. No. 15) argues that the case should be transferred to the Southern District of New York because "LexisNexis Risk Solutions Inc. ("LexisNexis"), the data reporting agency responsible for the unlawful collection and production of plaintiffs' data metrics and a universal defendant in these cases, is headquartered in New York[.]" *Id.* at 1-2. But that is simply wrong. LexisNexis Risk Solutions, Inc. is headquartered in Alpharetta, Georgia. *See* https://risk.lexisnexis.com/about-us (last accessed May 8, 2024). *See also* LexisNexis Risk Solutions, Inc.'s Interested Party Response ("LNRS Response") at 3 ("LNRS' headquarters is in Alpharetta, Georgia…").

The Party Response of Plaintiffs Figlio and Gordin (Dkt. No. 52) argues that the Northern District of Georgia is the appropriate transfer venue because LNRS is headquartered there "and is therefore the location of the vast majority of the documents, communications, and witnesses, e.g., servers and employees, involved in this litigation." *Id.* at 8. But that argument is contrasted by Figlio and Gordin's complaint, where only two out of seven counts even name LNRS. *See Dkt. No.* 36.3 at 31-44. Moreover, not even LNRS agrees that the Northern District of Georgia is the preferable transfer forum. It agrees that the Eastern District of Michigan is best and only

argues for the Northern District of Georgia in the alternative "if the panel determines that United States District Court for the Eastern District of Michigan is not a suitable venue[.]" Dkt. No. 50 at 2.

One Plaintiff argues in response for the District of Minnesota (Dkt. No. 84), and one for the Middle District of Pennsylvania (Dkt. No. 47). These arguments, as they must, rest solely on geography, docket considerations and the experience of jurors. Plaintiffs advocating for these jurisdictions cannot and do not suggest they are the "center of gravity" for the litigation or that any evidence or witnesses will be within the jurisdiction of the proposed court. For these reasons they are not preferable to the Eastern District of Michigan.

## IV. Conclusion

For the reasons set forth above, Plaintiffs Karen and Melvin Drew, in the case styled *Drews et al. v. General Motors LLC, et al.*, Case No. 2:24-cv-11194-SDK-EAS (E.D. Mich.) respectfully request that the Panel transfer the Related Actions to the Eastern District of Michigan to be consolidated or coordinated for pretrial purposes.

Date: May 16, 2024					Respectfully submitted,

*/s/ Thomas E. Loeser*
Thomas E. Loeser
Karin B. Swope
**COTCHETT, PITRE & McCARTHY, LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Tel: (206) 802-1272
Fax: (650) 697-0577
tloeser@cpmlegal.com.com
kswope@cpmlegal.com

**BLOOD HURST & O'REARDON, LLP**
Timothy G. Blood
James M. Davis
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100

619/338-1101 (fax)
tblood@bholaw.com
jdavis@bholaw.com Telephone: (650) 697-6000
Fax: (650) 697-0577
akirtley@cpmlegal.com.com
Gjung@cpmlegal.com

**THE MILLER LAW FIRM**

E. Powell Miller (P39487)
Emily E. Hughes (P68724)
Dennis A. Lienhardt (P81118)
950 W. University Dr., Suite 300
Rochester, MI  48307
Tel: 248/843-0997
248/652-2852 (fax)
epm@millerlawpc.com
dal@millerlawpc.com
gam@millerlawpc.com

Counsel for Plaintiffs Karen and Melvin Drews in *Drews et al. v. General Motors LLC, et al.*, Case No. 2:24-cv-11194-SDK-EAS (E.D. Mich.)