BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE CONSUMER VEHICLE DRIVING DATA TRACKING LITIGATION | MDL No. 3115 |

**PLAINTIFF DONALD SMITH JR. AND PLAINTIFF JOHN AMARAL'S INTERESTED PARTY RESPONSE TO MOTION FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Donald Smith, Jr. and Plaintiff John Amaral (the "Smith Plaintiffs") in the case styled *Smith et al. v. General Motors LLC, et al.*, United States District Court for the Northern District of California, Case 3:24-cv-02540-VC, submit this Interested Party Response in opposition to Movant Jariya Thongsawang's motion for centralization and transfer of Related Actions.

The Smith Plaintiffs agree with the nearly unanimous proposition that Centralization and transfer is appropriate but disagree that the Central District of California is an appropriate transfer district. The Smith Plaintiffs submit that transfer to the Northern District of California for coordinated and consolidated pretrial proceedings before the Honorable Vince Chhabria will preserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit these cases to proceed to trial more efficiently because all the Actions involve common factual and legal issues. Alternatively, the Smith Plaintiffs support centralization in the Northern District of Georgia before the Honorable Judge Thrash.

1

I.  **Centralization is Proper Pursuant to 28 U.S.C. § 1407(a)**

Transfer is appropriate when actions pending in different judicial districts involve similar questions of fact such that coordinating or consolidating pretrial proceedings would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407 ("Section 1407"). In relevant part, Section 1407 provides as follows:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for the coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

*Id. See also In re Nifedipine*, 266 F.Supp.2d 1382, 1382 (J.P.M.L. 2003).

"The purpose of 28 U.S.C. § 1407(a) is to promote the just and efficient conduct of multidistrict actions, in part by eliminating the potential for conflicting contemporaneous rulings by coordinate district and appellate courts." *In re Air Crash Off Long Island, N.Y. on July 17, 1996*, 965 F.Supp. 5, 7 (S.D.N.Y. 1997) (cleaned up). Multidistrict litigation consolidation avoids "duplicative discovery; prevents inconsistent pretrial rulings; and conserves the resources of the parties, their counsel, and the judiciary." *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Products Liability Litigation*, 254 F.Supp.3d 1381, 1383 (J.P.M.L. June 2, 2017) (cleaned up).

Under Section 1407, the Panel is authorized to transfer civil actions involving one or more common questions of fact that are pending in different districts to a single district for coordinated or consolidated proceedings when the transfer of such actions will aid in the convenience of the parties and witnesses and promote the interests of justice. 28 U.S.C. §1407(a). Centralization's remedial aim is to prevent and "make impossible" the "probable, pretrial chaos" that would

inevitably result from "conflicting class action determinations." *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 492-493 (J.P.M.L. 1968).

Here, all factors weigh heavily in favor of transfer and centralization of the Actions. Moreover, the Actions rely upon similar theories of recovery. The Actions involve common issues of fact and law such that centralization is appropriate. Each of the Actions arises from the unauthorized collection and distribution of private driver tracking data for profit. These cases have been filed across the United States. More will almost certainly be filed in the coming days.

Absent centralization, it is likely there will be an inconsistency in pretrial rulings between the various actions pending in multiple jurisdictions on many of the central issues at play in this litigation, which is problematic given the substantial similarity in factual and legal allegations across the Actions. *See In Re Auto Body Shop Antitrust Litig.*, 37 F.Supp.3d 1388, 1390 (J.P.J.L. 2014) (noting that transfer was appropriate to eliminate duplicative discovery when the actions shared a common factual core.) Moreover, pretrial procedures will necessarily involve motions to dismiss, discovery motions, *Daubert* motions, and class certification motions. Unless the Actions are transferred, federal district courts in jurisdictions throughout the United States will be required to independently administer motion practice in these related Actions, which Defendants will be compelled to defend in these multitudes of jurisdictions.

Simply, this Action, other pending Actions, and the tag-along Actions that will continue to follow, are appropriate for Section 1407 transfer because they involve common issues and transfer will benefit the parties, witnesses, and courts. Each case will turn on issues relating to the covert capture, collection, storage, and transfer of consumers' driving data, without consumers' consent, for profit. This is a question of fact identical across each litigation.

**II.     The Northern District of California Is the Most Appropriate Transferee Forum and the Honorable Vince Chhabria is Exceptionally Qualified to Handle this MDL**

Furthermore, the proposed transferee forum, the Northern District of California, is uniquely well-situated as a convenient forum because each Defendant has significant contacts within California and each Defendant has conducted substantial business within California. Defendant GM has twenty-six facilities in California and delivered 295,517 vehicles to California in 2023.[1] Defendant OnStar provides its services throughout California, including in the jurisdiction of the Northern District of California.[2] Defendant LexisNexis has seven offices in California, including four offices in the jurisdiction of the Northern District of California: Berkeley, California; Menlo Park, California; San Francisco, California; and San Jose, California.[3]

Additionally, the Panel has previously observed that the Northern District of California "has the necessary judicial resources and expertise to efficiently manage" complex multidistrict litigation. *In re Roundup Prod. Liab. Litig.*, 214 F.Supp.3d 1346, 1348 (J.P.M.L. 2016) (transferring the litigation for centralization in the Northern District of California and assigning the Judge Chhabria to preside over the case). In particular, the Honorable Vince Chhabria in the Northern District of California is exceptionally qualified to be assigned to oversee this case as demonstrated by his expert and efficient management of the *In re Roundup Product Liability Litigation* (MDL No. 2741) and the *In re Facebook, Inc. Consumer Privacy User Profile Litigation* (MDL No. 2843). Indeed, as the Panel has already recognized, Judge Chhabria is a "skilled jurist." *In re Roundup Prod. Liab. Litig.*, 214 F.Supp.3d at 1348. Judge Chhabria is familiar with this litigation as he has been assigned to preside over Movants' case in the Northern District of

---

[1] https://www.gm.com/company/usa-operations/california (last visited May 11, 2024).
[2] https://www.onstar.com/support/coverage-map (last visited May 11, 2024).
[3] https://risk.lexisnexis.com/corporate/office-locations#americas (last visited May 11, 2024).

California. Case 3:24-cv-02540-VC (Docket Entry No. 8, Order Reassigning Case to Judge Vince Chhabria dated 4/29/24).

Lastly, the Northern District of California is widely regarded as a "convenient and easily accessible [forum]" and will be a convenient and easily accessible forum for all parties in this litigation. *In re Roundup Prod. Liab. Litig.*, 214 F.Supp.3d at 1348 (selecting the Northern District of California for centralization because of, *inter alia*, its prime and reachable location). The Northern District of California includes the City of San Francisco, where Judge Chhabria's courtroom is located. The San Francisco International Airport serves millions of passengers each year, including serving over fifty million passengers in 2023. It is a major hub for both United Airlines and Alaska Airlines and is utilized by a wide array of major airline carriers. The District offers plentiful hotel accommodations and transportation options, including the Bay Area Rapid Transit system, which travelers can board at the San Francisco International Airport and ride directly to downtown San Francisco and the surrounding areas.

In sum, the Northern District of California presents a convenient and readily accessible transferee forum for centralization. It has the necessary resources and Judge Chhabria is an extraordinarily able and proficient jurist who can successfully manage this litigation.

### III.    In the Alternative, The Northern District of Georgia Is An Appropriate Transferee Forum and the Honorable Thomas W. Thrash Jr. is Exceptionally Qualified to Handle this MDL

To the extend there is a center of gravity in these cases it would reside in Georgia. Defendant LexisNexis has its corporate headquarters in Alpharetta, Georgia and operates its Consumer Service Center from an Atlanta, Georgia address. LexisNexis collected and stored plaintiffs' driver behavior data in the Northern District of Georgia. It also entered into agreements to buy and sell the data there. As such, a large number of the likely witnesses and relevant

documents here are located in the Northern District of Georgia. For these reasons, Defendant LexisNexis has identified the Northern District of Georgia as an appropriate transferee district.

Additionally, two of the actions filed in the Northern District of Georgia have been assigned to the Honorable Thomas W. Thrash, Jr.- a judge undisputedly well poised to handle complex multidistrict litigation. As of July 2021, Judge Thrash has presided over 11 MDLs, which is second only to Judge Charles Breyer, who has presided over 12 MDLs. Judge Thrash is not currently presiding over any MDL proceedings and is well poised to manage this litigation.

### IV.     CONCLUSION

For the reasons detailed above, the Actions should be transferred to the Northern District of California before Judge Chabbria or, alternatively, the Northern District of Georgia and assigned to Judge Thrash.

Dated: May 17, 2024                                Respectfully Submitted,

                                                                   */s/ Kiley Grombacher*
                                                                   _____
                                                                   Kiley L. Grombacher
                                                                   **Bradley/Grombacher LLP**
                                                                   31365 Oak Crest Drive, Suite 240
                                                                   Westlake Village, CA 91361
                                                                   Telephone: (805) 270-7100
                                                                   Email: kgrombacher@bradleygrombacher.com